**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**DOUBLE J PROPERTIES, LLC.**                                              **PLAINTIFF**

**V.**                                        **NO. 4:21-cv-00646-BRW**

**UNITED FIRE & CASUALTY COMPANY**                                   **DEFENDANT**

<u>**ORDER**</u>

Pending are Plaintiff's Motion for Partial Summary Judgment (Doc. No. 23), Defendant's

Motions for Partial Summary Judgment (Doc. Nos. 29, 31, 33, 35), and Defendant's Motion for

Spoliation Instructions (Doc. No. 38). The parties filed responses and replies.[1] For the reasons

set out below, the motions are DENIED.

**I.      BACKGROUND**[2]

Plaintiff owns a building in Searcy, Arkansas that is (or was) insured by Defendant.  The

building suffered a roof leak on May 16, 2018, and Plaintiff reported the loss on May 18, 2018.

After reviewing a inspection report, Defendant denied coverage, asserting that it was not a

covered loss. In early 2019, Defendant chose not to renew the policy with Plaintiff.  However,

after being advised by Plaintiff that the roof was being fixed, Defendant resumed coverage.

Defendant issued a new policy covering June 7, 2020 through June 2021.  On October

15, 2020, Plaintiff began renovating the building. Plaintiff made a claim for water damage on

December 16, 2020.  After reviewing an inspection report, Defendant denied coverage, asserting

that it was not a covered loss.

---

[1]Doc. Nos. 26, 40-46, 51-54.

[2]Unless otherwise noted, the Background is taken from the parties statements of
undisputed material facts. Doc. Nos. 25 ,27, 37, 41.

On January 22, 2021, Defendant advised Plaintiff that "EFFECTIVE 2/8/2021 POLICY WILL BE CANCELLED MID-TERM DUE TO MATERIAL CHANGE (VACANCY) . . . ."[3]

Around May 27, 2021 the building sustained a fire loss.  Plaintiff reported the loss on June 8, 2021.  Defendant denied coverage, citing the cancellation of the policy.

There have been no tenants in the building since June 28, 2019.

On June 21, 2021, Plaintiff filed the complaint in this case asserting claims for breach of contract and bad faith.[4]

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[5]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[6]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[7]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[8]  This court must view the facts in the

---

[3]Doc. No. 23-28.

[4]Doc. No. 2.

[5]*Holloway v. Lockhart*, 813 F.2d 874, 879 (8th Cir. 1987); Fed R. Civ. P. 56.

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[7]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[8]*Id.* at 728.

light most favorable to the party opposing the motion.[9]  The Eighth Circuit has also set out the

burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[10]Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[11]

## III.  DISCUSSION

Clearly there are material facts in dispute that prevent summary judgment.  They include, but are not limited to, whether the building was vacant on when the losses occurred; whether the building was being renovated when the losses occurred; and whether the cancellation of the policy was effective. These issues directly relate to the claims asserted by Plaintiff.

## CONCLUSION

For the reasons set out above, the motions for partial summary judgment (Doc. Nos. 23, 29, 31, 33, 35) and Motion for Spoliation Sanctions (Doc. No. 38) are DENIED.

IT IS SO ORDERED this 7th day of October, 2022.


Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[9]*Id.* at 727-28.

[10]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[11]*Anderson*, 477 U.S. at 248.